James H. Pye, Jr., Plaintiff *v.* Commonwealth of Pennsylvania, Insurance Department, William J. Sheppard, Insurance Commissioner, Defendants.

Argued February 2, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Arthur A. Kusic,* with him *Robert J. Demer,* for plaintiff.

*Joseph Kenneth Hegedus,* Assistant Attorney General, with him *Roger C. Peterman,* Assistant Attorney General, for defendants.

Opinion by Judge Crumlish, Jr., April 14, 1977:

We have before us Defendants' preliminary objections to a complaint in equity in which James H. Pye, Jr. (Plaintiff) seeks to permanently enjoin the Department of Insurance (Department) from holding proceedings involving his alleged conspiracy to violate certain sections of The Insurance Department Act of 1921 (Act).[1] We sustain the objections and dismiss the complaint.

On May 7, 1976, the Insurance Commissioner issued a citation charging Plaintiff, an insurance agent and broker, with conspiracy to obtain rebates on state insurance policies in violation of Section 635 and 639 of the Act and notifying him that an administrative hearing was scheduled for June 15. Instead of answering the allegations of wrongdoing by appear-

---

[1] Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §1 et seq.

ing before the agency, Plaintiff filed the subject complaint in equity in which he alleges that he has been granted immunity from civil and criminal prosecution by the Attorney General and that the agency action is in direct contravention of that grant. He maintains that adverse publicity has attached and, if we do not act, will attach to the agency hearings, causing irreparable damage to his business and personal reputation. During the pendency of this action, the administrative hearing has been continued by agreement of counsel.

An injunction is an extraordinary remedy to be granted only with extreme caution. *School District of Pittsburgh v. Zebra,* 15 Pa. Commonwealth Ct. 203, 325 A.2d 330 (1974). It is elementary that equity has power to act only where there is no adequate remedy at law or where its intervention is necessary to prevent irreparable harm. *Borough of Collegeville v. Philadelphia Suburban Water Co.,* 377 Pa. 636, 105 A.2d 722 (1954); *Rodes v. Anckaitis,* 2 Pa. Commonwealth Ct. 328, 279 A.2d 782 (1971). Here, Plaintiff has available to him the adequate remedy of the administrative proceeding itself, where he has ample opportunity to advance all defenses, including the claimed grant of immunity. In the event of an adverse decision by the agency, Plaintiff has access to judicial review through appeal to this Court. We are particularly concerned here with the integrity of the administrative process. Prospective parties to administrative agency actions may not bypass that process and challenge the prospective action directly in the courts. *Havertown Savings and Loan Association v. Commonwealth,* 3 Pa. Commonwealth Ct. 266 (1971). The alleged irreparable harm—that of adverse publicity—is a risk encountered by all parties to legal proceedings and is not alone sufficient to invoke the remedy of injunction.

548

The preliminary objections are therefore sustained and the complaint dismissed.

Accordingly, we

ORDER

AND Now, this 14th day of April, 1977, Defendants' preliminary objections are sustained and the complaint is hereby dismissed.