Santo Calantoni and Victoria Calantoni, his wife, Petitioners *v.* Commonwealth of Pennsylvania, State Horse Racing Commission et al., Respondents.

Argued June 8, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Carl K. Zucker*, with him *Cohen, Shapiro, Polisher, Shiekman and Cohen*, for petitioners.

*Larrick B. Stapleton*, Counsel, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 13, 1978:

This matter comes before us on a petition for writ of prohibition by Santo and Victoria Calantoni wherein they sought to prevent the State Horse Racing Commission from proceeding further with its investigation of and hearings on the matter of their purchase of the thoroughbred race horse, "Key Lime."

Pursuant to Pa. R.A.P. 1502 and 1503, we have treated the petition as a petition for review addressed to our original jurisdiction. We dismiss the petition.

The facts, as alleged in the petition and as substantiated by the record, are as follows: Gaylord Cumberledge and Gary Reihart, horse owners licensed by the State Horse Racing Commission and the owners of Key Lime entered him in a $10,000 claiming race at Penn National Race Track on April 17, 1977. Ann M. Brede, also a Commission licensed owner, who was registered for racing at that racing meeting, entered a claim for Key Lime and acquired ownership of the horse by paying the claiming price. On April 24 and May 8, Mrs. Brede entered Key Lime in allowance races at Penn National, wherein the horse finished first and third, respectively. On May 19, 1977, 32 days[1] after she claimed and purchased Key Lime, Mrs. Brede sold the horse to the Calantonis for the stated consideration of one dollar.

Cumberledge and Reihart filed a complaint with the Commission in which they alleged that the Calantonis were not registered in good faith for racing at the April 17, 1977 racing meeting at Penn National and that hence, under Section 12.01 of the Commission's Rules of Racing, were not eligible to enter a claim for a horse at that race. They alleged that Mrs. Brede had conspired with the Calantonis to claim Key Lime for the Calantonis' benefit and had paid the claiming price with money advanced her by them with the intent of fraudulently circumventing the Rule. They requested that the Commission void Ann Brede's claim to Key Lime, declare that title to the animal

---

[1] Section 12.07 of the Rules of Racing provides, in pertinent part:

If a horse is claimed, it shall not be sold or transferred to anyone wholly or in part, except in a claiming race, for a period of thirty (30) days from date of claim. . . .

remained with them, order its return to them together with all purses it had won since April 17, 1977, and suspend the racing license of the Calantonis and Ann Brede.

The Commission commenced an investigation and issued subpoenas duces tecum to the Calantonis, Ann Brede and her husband, ordering them to produce documents relating to their general finances and especially to the acquisition and re-sale of Key Lime.

The Calantonis filed the subject petition alleging that the complaint involved a private controversy between them, Cumberledge and Reihart and that the Act of December 11, 1967, P.L. 707, *as amended*, 15 P.S. §2651 et seq. (Act), which established the Commission, did not confer upon it jurisdiction over such a controversy. We do not agree.

Prohibition is a common-law writ whose principal purpose is to prevent an inferior judicial tribunal or administrative agency from assuming a jurisdiction with which it is not legally vested in cases where damage and injustice will otherwise be likely to follow from such an action. *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948). It is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity if none of the ordinary remedies provided by law is applicable or adequate to afford relief. *Carpentertown, supra.*

Section 2 of the Act, 15 P.S. §2652, provides in pertinent part:

[T]he State Horse Racing Commission shall have power to supervise generally all thoroughbred horse race meetings in this State at which pari-mutuel betting is conducted. The commission may adopt rules and regulations not inconsistent with this act to carry into effect its

purposes and provisions and to prevent circumvention and evasion thereof.

Pursuant to that legislative grant of authority, the Commission has adopted the Rules of Racing, Section 12.01 of which provides, in part:

In claiming race [sic], any horse is subject to claim for its entered price, by an owner registered in good faith for racing at that meeting, or by a licensed authorized agent, for the account of such owner, provided such owner has started a horse at the meeting (inclusive of the race which the claim is made), and has horses stabled at that meeting or in a stabling area approved by the Stewards. . . .

While we do not pass upon the merits of Cumberledge and Reihart's complaint, it is clear that the allegations thereof, if proved, could constitute a fraudulent attempt to circumvent or evade Rule 12.01. We therefore hold that the Commission *prima facie* has jurisdiction in the premises and a writ of prohibition will not lie to prevent the exercise thereof. The Calantonis have available to them the ordinary remedy of the administrative proceeding itself, as well as full review by this Court on appeal. Just as we will not interfere with the due course of administrative agency action by injunction where there is an adequate remedy at law and no allegation of irreparable harm, *Pye v. Insurance Department*, 29 Pa. Commonwealth Ct. 545, 372 A.2d 33 (1977), we shall not interfere by writ of prohibition when, as here, those same conditions are present. As we stated in *Pye*, 29 Pa. Commonwealth Ct. at 547, 372 A.2d at 35:

We are particularly concerned here with the integrity of the administrative process. Prospective parties to administrative agency actions may not bypass that process and challenge the prospective action directly in the courts.

Accordingly, we

ORDER

AND Now, this 13th day of September, 1978, the motion of Santo Calantoni and Victoria Calantoni for summary judgment on their petition for a writ of prohibition is denied and the petition is dismissed.