Shaler Area School District and The Board of Directors of The Shaler Area School District, Appellants *v.* John G. Salakas, an individual, Apellee.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*James D. Zimmer*, with him *Zimmer & Dice*, for appellant.

*Daniel R. Delaney*, for appellee.

OPINION BY JUDGE MENCER, September 11, 1979:

The sole issue in this appeal is whether a rating of "unsatisfactory" given to a tenured professional employee pursuant to Section 1123 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1123, is an "adjudication" within the meaning of Section 2(1) of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11302(1), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 Pa. C.S. §20002(a) [1429]. A similar provision is now found at 2 Pa. C.S. §101. If such a rating were an "adjudication", the rated employee would be entitled to a hearing and to an appeal pursuant to Sections 4 to 8 of the Local Agency Law, *formerly* 53 P.S. §§11304-11308. See now the Local Agency Law, 2 Pa. C.S. §§553-555, 752-754.

The appellee, a professional employee who received an unsatisfactory rating, cites *Young v. Littlestown Area School District,* 24 Pa. Commonwealth Ct. 621, 358 A.2d 120 (1976), to support his contention that ratings are adjudications and that he is therefore entitled to a hearing. However, *Young* held only that a written *refusal to tender a contract* to a temporary professional employee at the end of two years is an adjudication subject to the Local Agency Law. *Id.* at 631, 358 A.2d at 125-26. We specifically stated that ratings, other than those used to justify the refusal to

tender the contract (*i.e.,* ratings for the last four months of the second year or the last four months of subsequent years), are "incontestable". *Id.* at 632, 358 A.2d at 126. It is apparent that *Young* did not hold that an unsatisfactory rating is, in itself, an adjudication which requires a hearing.

"Adjudication" is defined in Section 2(1) of the Local Agency Law as "any final order, decree, decision, determination or ruling . . . affecting personal or property rights, privileges, immunities or obligations. . . ." An unsatisfactory rating in itself has no effect whatsoever upon any personal or property rights, privileges, immunities or obligations of a professional employee. *See West Shore School District v. Homick,* 23 Pa. Commonwealth Ct. 615, 353 A.2d 93 (1976). If the rating is used as a basis for a decision or determination which *does* affect the employee's rights, privileges, immunities or obligations, such as a dismissal or a suspension, a hearing on that decision or determination will be required pursuant to either the School Code or the Local Agency Law.[1] The validity of ratings used to justify the decision or determination can be raised at such a hearing. *Cf. Young, supra* (ratings used to justify refusal to tender contract to temporary professional employee may be challenged at hearing on such refusal).

Appellee has no right to a hearing on his unsatisfactory rating, and the Court of Common Pleas of Allegheny County, therefore, erred in ordering the Shaler Area School District to convene such a hearing. Accordingly, we enter the following

---

[1] With regard to whether the right to a hearing is governed by the local Agency Law or the School Code, *see generally Fatscher v. Board of School Directors,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), and *Smith v. Board of School Directors,* 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974).

## Order

And Now, this 11th day of September, 1979, the order of the Court of Common Pleas of Allegheny County, dated June 21, 1978, denying the petition of the appellants in the above captioned matter to open judgment entered against them on May 25, 1978, is hereby reversed, said judgment is hereby opened, and this case is remanded to the Court of Common Pleas of Allegheny County for further proceedings not inconsistent with this opinion.