432 A.2d 165

**The SHALER AREA SCHOOL DISTRICT and the Board of Directors of the Shaler Area School District,**

v.

**John G. SALAKAS, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 29, 1980.

Decided July 2, 1981.

Daniel R. Delaney, Delaney & Evans, Pittsburgh, for appellant.

James D. Zimmer, Zimmer & Dice, Pittsburgh, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

This appeal is from an order of the Commonwealth Court opening a peremptory judgment in mandamus entered by the Court of Common Pleas of Allegheny County in favor of appellant, John G. Salakas.[1] Because appellant has not had the opportunity to prove the facts necessary to entitle him to the relief sought, we affirm the order of the Commonwealth Court and remand to the trial court for further proceedings consistent with this opinion.[2]

Appellant is a tenured professional employee of the appellee, Shaler Area School District ("School District"), and has

---

1. Jurisdiction is exercised pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 724(a).

2. Peremptory judgment was granted prior to the filing of an answer to the complaint and without any evidentiary hearing. Accordingly, our recitation of the facts is limited to the allegations of the complaint.

been so employed since July 1971.[3] In May 1976, the School District commenced dismissal proceedings against him, alleging incompetency, persistent negligence and willful violation of school laws.[4] As part of the evidence offered, the School District presented two unsatisfactory performance ratings.[5] On March 17, 1977, after extensive hearings, the Board of School Directors voted not to discharge appellant.[6]

3. As a school psychologist, appellant is a professional employee for purposes of tenure under The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1101 *et seq.* *McCoy v. Lincoln Intermediate Unit No. 12*, 38 Pa.Cmwlth. 29, 34, 391 A.2d 1119, 1122 (1978), cert. denied, 441 U.S. 923, 99 S.Ct. 2033, 60 L.Ed.2d 397 (1979); *Charleroi Area School Dist. v. Sec'y of Education*, 18 Pa.Cmwlth. 121, 334 A.2d 785 (1975); 24 P.S. § 11–1101(1) (Pamph. 1981–82).

4. Section 1122 of the Public School Code provides in pertinent part:
   The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and willful violation of the school laws of the Commonwealth on the part of the professional employe. . . .
   24 P.S. § 11–1122.

5. Section 1123 of the Public School Code provides in relevant part:
   In determining whether a professional employe shall be dismissed for incompetency, . . . [he] . . . shall be rated by an approved rating system which shall give due consideration to personality, preparation, technique, and pupil reaction, in accordance with standards and regulations for such scoring as defined by rating cards to be prepared by the Department of Public Instruction. . . Rating shall be done by or under the supervision of the superintendent of schools or, if so directed by him, the same may be done by an assistant superintendent, a supervisor, or a principal, who has supervision over the work of the professional employe . . . who is being rated: Provided, That no unsatisfactory rating shall be valid unless approved by the district superintendent.
   24 P.S. § 11–1123 (Pamph. 1981–82).

6. Hearings were held pursuant to § 1127 of the Public School Code, which provides in relevant part:
   Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. . . .
   24 P.S. § 11–1127.

In November, 1977, appellant learned that he had been recommended for yet another unsatisfactory rating. On December 29, 1977, even before he received this rating, appellant filed his Complaint in Mandamus seeking *inter alia*, (1) expunction from the School District's records of all charges involved in the earlier dismissal action, including the two unsatisfactory ratings offered in support thereof [7] and (2) a Local Agency Law [8] hearing to challenge the *recommended* unsatisfactory rating. The School District filed preliminary objections to the complaint, and appellant moved for peremptory judgment.

On March 1, 1978, appellant apparently received his third unsatisfactory rating. Although not of record, it appears from the briefs filed in this appeal that on March 9, 1978 appellant requested a Local Agency Law hearing to challenge that rating and that his request was denied. [9]

In May 1978, without a hearing, the trial judge dismissed the. School District's preliminary objections and granted appellant's motion for peremptory judgment, ordering, *inter alia*, (1) the expunction of all records in connection with the dismissal action, including the two unsatisfactory ratings, and (2) the convocation of a Local Agency Law hearing to afford appellant the opportunity to contest his March 1, 1978 unsatisfactory rating. The School District unsuccessfully sought to open the judgment of the trial court, but thereaft-

A vote of at least two-thirds of all the members of the board of school directors in favor of dismissal is required to dismiss a tenured professional employee. 24 P.S. § 11–1129.

7. Section 1130 of the Public School Code provides in relevant part:
In all cases where the final decision is in favor of the professional employe, the charges made shall be physically expunged from the records of the board of school directors. . . .
24 P.S. § 11–1130.

8. Act of December 2, 1968, P.L. 1133, 53 P.S. §§ 11301, *et seq.*, (repealed and reenacted in substantially same form, Act of April 28, 1978, P.L. 202, No. 53, § 5, 2 Pa.C.S.A. §§ 105, 551–555, 751–754).

9. While the trial court's order of May 25, 1978 makes reference to an "Amended Complaint" alleging the entry of the unsatisfactory rating on March 1, 1978, no such document appears in the official record transmitted to this Court.

er agreed to expunge the record underlying the dismissal action and appealed only that portion of the order granting a Local Agency Law hearing. The Commonwealth Court reversed the trial court's order denying the School District's petition to open the judgment and remanded for further proceedings not inconsistent with its opinion. *Shaler Area School District v. Salakas,* 45 Pa.Cmwlth. 556, 406 A.2d 243 (1979).

The sole issue presented by appellant is whether the March 1, 1978 unsatisfactory rating is a final order, decree, decision, determination or ruling affecting his personal or property rights, privileges, immunities or obligations.[10] If so, he would be entitled to a Local Agency Law hearing to challenge its validity.[11]

In his brief, appellant argues that his property rights have been affected in that the unsatisfactory rating:

(1) threatens his right to continued employment in his current tenured position; [12]

(2) divests him of a qualifying year of service for purposes of sabbatical leave; [13]

10. The Commonwealth Court concluded that "[a]n unsatisfactory rating in itself has no effect whatsoever upon any personal or property rights, privileges, immunities or obligations of a professional employee." 45 Pa.Cmwlth. at 558, 406 A.2d at 244.

11. Section 4 of the Local Agency Law guarantees that "[n]o adjudication shall be valid as to any party unless he shall be afforded reasonable notice of a hearing and an opportunity to be heard. . . ." 53 P.S. § 11304 (current version at 2 Pa.C.S.A. § 553). "Adjudication" is defined as "any final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of . . . the parties." 53 P.S. § 11302 (current version at 2 Pa.C.S.A. § 101).

12. Professional employees must be rated at least once a year, and "two consecutive unsatisfactory ratings . . . are necessary to support a dismissal on the grounds of incompetency." 22 Pa.Code § 351.21.

13. Section 1166 of the Public School Code provides in relevant part: (a) Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe . . . shall be entitled to a leave of absence for restoration of health, study or travel, or, at the discretion of the board of school directors for other purposes. . . .

24 P.S. § 11–1166 (Pamph. 1981–82).

(3) has precluded his opportunities for job advancement; and

(4) has seriously jeopardized his chances for other employment.

Although we disagree with the Commonwealth Court's conclusion that an unsatisfactory rating in itself cannot affect any personal or property right, privilege, immunity or obligation of a professional employee, we are unable to determine whether appellant is entitled to a Local Agency Law hearing on the basis of the incomplete record now before us.[14] Unfortunately, the trial judge entered a peremptory judgment in mandamus in appellant's favor even before the School District filed an answer to the complaint and before any factual record was made.

Mandamus is an extraordinary writ which will issue "to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 494 n.11, 387 A.2d 425, 430 n.11 (1978), *appeal dismissed,* 443 U.S. 913, 99 S.Ct. 3104, 61 L.Ed.2d 877 (1979); *Rylke v. Portage Area School District,* 473 Pa. 481, 490, 375 A.2d 692, 696 (1977). Pa.R.Civ.P. 1098 provides for entry of a peremptory judgment in a mandamus action "at any time after the filing of the complaint . . . if the right of the plaintiff there to is clear. . . ." However, peremptory judgment is appropriately entered only where there exists no genuine issue of fact, and where the case is clear and free from doubt. The burden in on the plaintiff to prove that no factual issues exist, and all doubts must be resolved against him. *Philadelphia Suburban Water Co. v. Pa. Dept. of Transportation,* 36 Pa.Cmwlth. 8, 17, 387 A.2d

---

14. The Local Agency Law was intended to provide procedural due process protections and a forum for the enforcement of personal and property rights where no other procedure exists. *Boehm v. Board of Education,* 30 Pa.Cmwlth. 468, 474, 373 A.2d 1372, 1375 (1977); *Fatscher v. Springfield School District,* 28 Pa.Cmwlth. 170, 174, 367 A.2d 1130, 1132 (1977).

501, 505 (1978); *J. Berman & Sons, Inc. v. Pa. Dept. of Transportation,* 21 Pa.Cmwlth. 317, 329, 345 A.2d 303, 306 (1975).

■ The entry of a peremptory judgment in this instance was clearly erroneous, since the ultimate question of whether any of appellant's personal or property rights were affected involves factual as well as legal issues. Accordingly, we affirm the order of the Commonwealth Court opening the peremptory judgment in mandamus, albeit on different grounds, and remand this matter to the Court of Common Pleas for further proceedings consistent with this opinion.

O'BRIEN, C. J., did not participate in the decision of this case.