Ei Bon ee Oscar Holly, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Ei Bon ee Oscar Holly,* petitioner, for himself.

*Gregory R. Neuhauser,* Deputy Attorney General, with him *Francis R. Filipi,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

MEMORANDUM OPINION AND ORDER, June 6, 1983:

Before us for disposition are the preliminary objections of the Crime Victim's Compensation Board to a pro se application filed in this court by Ei Bon ee Oscar Holly (applicant) and styled a "COMPLAIN [sic] IN EQUITY AND/OR PETITION FOR TEMPORARY [sic] INJUNCTION."[1]

The dispute between the parties evidently concerns the failure of the board to respond affirmatively to the applicant's request for "hardship money" pur-

---

[1] When the complaint was first filed we entered an order directing that the so-called complaint be regarded as a petition for review seeking relief within our original jurisdiction.

suant to Section 477.8 of the Administrative Code,[2] 71 P.S. 180-7.8 having to do with emergency awards and providing that the board member to whom a crime victim's compensation claim is assigned may, if it appears that a compensation award probably will be made and that undue hardship will result if immediate interim payment is not forthcoming, grant an emergency award in an amount no greater than $1,000. The applicant here avers that he requested such an emergency award; that he will be irreparably harmed by the failure of the board to make the emergency award; and that the emergency award has not been granted. The applicant then prays that this court compel or enjoin the board to grant an emergency award in the maximum amount permitted, $1,000.

The board has interposed preliminary objections in which it asserts that the applicant has failed to pursue available remedies at the administrative level and that the applicant has here improperly invoked the original jurisdiction of this court because the exclusive judicial remedy in this class of case is by way of an appeal from the board's refusal to grant an emergency award. We agree with the principle contained in the board's preliminary objection last described but disagree that the application of the principle in the instant case, without more, requires the dismissal of the applicant's petition with prejudice. Instead, we are constrained to dismiss the petition without prejudice to the applicant's right to renew the appeal[3] and to remand the matter to the board for the further proceedings we are about to describe.

---

[2] Act of April 9, 1929, P.L. 177, No. 175, *added by* Section 2 of the Act of July 9, 1976, P.L. 574, No. 139.

[3] It is clear that the applicant's petition does not state a cause of action in mandamus or aver the necessary factual predicates to the issuance of injunctive relief. A writ of mandamus will not is-

This court will not interfere with the due course of administrative proceedings by means of injunction, mandamus, or prohibition where, as in this case, there is an adequate remedy by means of an appeal. *Robertshaw Controls v. Pennsylvania Human Relations Commission,* 67 Pa. Commonwealth Ct. 613, 447 A.2d 1083 (1982); *Pye v. Insurance Department,* 29 Pa. Commonwealth Ct. 545, 372 A.2d 33 (1977). *See also Brew v. Mathews,* 425 F. Supp. 727 (E.D. Pa. 1977) (injunctive relief will not be granted to compel payment of disability insurance benefits; exclusive remedy is by means of appeal from decision of Secretary of HEW). However, an appeal improvidently sought by means of a complaint in mandamus or an application for injunctive or extraordinary relief in the form of a request for the issuance of a prerogative writ may not for that reason alone be dismissed. Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c); Pa. R.A.P. No. 1503. Instead, we will treat the petition as if it had been addressed to our appellate jurisdiction. *Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980).

Unfortunately, we are unable to now decide the cause as an appeal. First, the petition contains only

sue where the duty sought to be compelled is one charged to the discretion of a public official. *Shaler Area School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981). Here, the decision as to whether the emergency award should be granted and, if so, the amount of the award is within the board's discretion. Injunctive relief will be granted only when, *inter alia,* the rights of the applicant are clear. *Christoffel v. Shaler Area School District,* 60 Pa. Commonwealth Ct. 17, 430 A.2d 726 (1981). The applicant's right to an award in the maximum amount permitted is far from clear since, as we have indicated, the applicable provision of the Administrative Code provides for an emergency award only when the crime victim's compensation claim "probably" will be upheld and the petition contains no averments from which the existence of such a probability could be deduced.

conclusory averments as to the propriety of injunctive relief and contains no averments relevant to the central issues on appeal, whether the applicant probably would have been granted a crime victim's compensatory award and whether the board abused a sound discretion in refusing the application for an interim emergency award. In addition, the adjudication of the board from which this appeal has been taken cannot be reviewed in its present form because it does not include an order of the board[4] or factual findings or an evidentiary record certified to this Court. In this regard, Section 477.7 of the Administrative Code, 71 P.S. §180-7.7, provides that appeals from the board's adjudications shall be governed by the requirements of the Administrative Agency Law which in turn, in Sections 504 and 507, 2 Pa. C. S. §§504 and 507, provides that adjudications of Commonwealth agencies shall be invalid unless predicated on reasonable notice to the applicant of a hearing stenographically recorded and further requires that all adjudications of Commonwealth agencies be in writing and contain factual findings and a statement of reasons.

For these reasons we are compelled to return this matter to the board for further proceedings consistent with this opinion and to dismiss the applicant's petition without prejudice to the right to renew the appeal in the event of an adverse decision of the board following the required hearing.

---

[4] It is not even clear whether the board has taken final action to deny the applicant's emergency request. The petition contains only the following averment: "5. Said [board] did not award to [the applicant] said hardship money as required by law." Since the board has not asserted or argued that it is still considering the emergency request, we infer that a final negative determination has been reached and that the pro se petition's ambiguity is insignificant.

614

ORDER

AND Now, this 6th day of June, 1983, the record in the above-captioned matter is remanded to the Crime Victim's Compensation Board for further proceedings consistent with this opinion. Jurisdiction is hereby relinquished.