Dennis Rupert and
Fraternal Order of
Police, Lodge 91

      v.

Borough of Plum and Plum
Borough Police Department
Wage and Policy Committee

Appeal of: Plum Borough

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 416 C.D. 2024

Submitted: February 4, 2025


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: March 3, 2025


The Borough of Plum (Borough) appeals from the March 14, 2024 order entered by the Court of Common Pleas of Allegheny County (trial court) granting in part the request for mandamus relief filed by former Borough Police Department (Department) police officer Dennis Rupert (Officer Rupert) and the Fraternal Order of Police, Lodge 91 (collectively referred to as Appellees) compelling the parties to arbitrate the issue of whether Officer Rupert complied with applicable grievance

procedures. Because the order appealed from is interlocutory and unappealable, we quash this appeal.

## I. <u>Background</u>

The relevant facts and procedural history of this case are as follows. Officer Rupert served as a police officer with the Department from January 11, 2016 until February 14, 2022, when he was terminated by the Borough Council. On May 17, 2022, Appellees filed a complaint in mandamus[1] in the trial court seeking an order directing the Borough to participate in arbitration proceedings, or in the alterative, reinstate Officer Rupert as a Borough police officer. Appellees made their request for arbitration pursuant to the applicable collective bargaining agreement (Agreement), which provides in relevant part as follows:

> SECTION 17. <u>GRIEVANCE PROCEDURE</u>:
>
> A. For the purposes of this Agreement, the term "grievance" means any difference or dispute between the Borough [] and any regular police officer with respect to the interpretation, application, claim, breach, or violation of any of the provisions of this Agreement.
>
> B. Should a grievance arise between the Borough and the police officer, there shall be no suspension of work on account of such grievance but the grievance shall be settled in accordance with the grievance procedure hereinafter set forth.
>
> C. The regular police officer shall designate to the Borough Manager a Grievance Committee composed of not more than

---

[1] "A writ of mandamus is an extraordinary remedy, used to compel performance of a ministerial act or a mandatory duty." *Firearms Owners Against Crime – Institution for Legal, Legislative & Educational Action v. Evanchick*, 291 A.3d 507, 515 (Pa. Cmwlth. 2023). "Mandamus may only be granted where the moving party establishes a clear legal right, the respondent's corresponding duty and the lack of any other appropriate and adequate remedy." *Id.*

three (3) regular police officers, one of whom shall be designated as Chairman.

D. Any regular full-time police officer having a grievance shall first discuss the grievance with his superior in the chain of command and if, after such discussion, satisfaction is not received, he may file his grievance in writing on a form agreed upon by the parties of this Agreement. If the committee finds merit in this grievance, it shall follow that grievance to the next step. The following grievance steps shall be followed.

1. The written grievance shall be given to the Borough Manager within (10) days from the occurrence of the grievance, and the same shall be considered in a meeting within seven (7) days thereafter by an authorized representative of Council, the Mayor, Borough Manager, the Chairman of the Grievance Committee, and the aggrieved police officer. Within seven (7) days, thereafter, a decision shall be made by the authorized representative of the Council, Mayor and Borough Manager.

2. **In the event that the grievance has not been satisfactorily resolved in the above[-]noted step of the grievance procedure**, the Grievance Committee and the aggrieved police officer may jointly initiate an appeal by serving upon the Borough Manager **a notice in writing of the intent to proceed to arbitration** within fourteen (14) days after receipt of the noted decision is due.

a. **The arbitrator is to be selected by the parties jointly within seven (7) days after the notice has been given**. **If the parties fail to agree on an arbitrator, either party may request the American Arbitration Association to submit a list of three (3) arbitrators**.

b. The parties shall meet within seven (7) days of the receipt of said list for purposes of selecting the arbitrator by alternating striking one name from the list, until only one name remains. The employer strikes the first name.

. . . .

(Agreement, 12/21/18, at 21-22) (emphasis added).

Appellees filed a motion for summary judgment in November of 2022, which the trial court denied on February 17, 2023. After the trial court held an evidentiary hearing and considered the parties' post-hearing submissions, it issued its opinion and order on March 14, 2024 granting mandamus relief in part and compelling the parties to submit the dispute to arbitration (March Order). In doing so, the trial court found that Officer Rupert clearly established a contractual right to arbitration. Its order read as follows:

> 1) The request for mandamus relief is granted in part. The parties shall first proceed to grievance arbitration on the issue of compliance with grievance procedures. The arbitrator is to be selected by the parties jointly within seven (7) days. Pursuant to grievance procedures, if the parties fail to agree on an arbitrator, either party may request the American Arbitration Association to submit a list of three (3) arbitrators. Selection of the arbitrator and the arbitration hearing shall continue to proceed in accordance with Section 17(D)(2)(b-d) of the [Agreement].
>
> 2) Should the arbitrator determine that [Appellees] are entitled to proceed with grievance relief on the substantive claims, [Appellees'] claims in the Third Amended Complaint shall be submitted to the arbitrator to determine which of the claims fall within the arbitrator's subject matter jurisdiction because they implicate a dispute of the proper interpretation or application of provisions of the existing [Agreement]. The parties shall arbitrate any such claims identified by the arbitrator. Upon completion of the grievance arbitration process, the Court of Common Pleas of Allegheny County will dispose of any remaining claims.

(Trial Ct. Order, 3/14/24, at 1-2.) This appeal followed.

On May 30, 2024, the trial court issued a supplemental opinion stating its conclusion that it lacked jurisdiction to rule on the threshold issue of whether Officer Rupert complied with grievance procedures, and that jurisdiction instead lies in arbitration. (Trial Ct. Suppl. Op., 5/30/24, at 1.) The trial court further determined that its March Order compelling the parties to proceed to arbitration was not a final order and that it was instead interlocutory and not immediately appealable. *Id.* at 4. The trial court additionally noted that the Borough had filed no post-trial motions, nor had it sought the court's certification of this matter for appeal. Relevant to this appeal, to the extent the Borough attempted to frame the March Order as a grant of peremptory judgment, the trial court disagreed, explaining: "[Appellees'] summary judgment motion was not presented as a peremptory judgment motion nor was relief granted under that procedure." *Id.*

On June 27, 2024, Appellees filed a motion to quash this appeal, contending that the March Order is not a final, appealable order and that there is no applicable authority permitting this Court's review on the merits. This Court entered a *per curiam* order on July 25, 2024, directing the parties to address the issue of appealability of the March Order and the applicability of the collateral order doctrine in their principal briefs. *See* Pa.R.A.P. 313.[2]

## II. Discussion

On appeal, the Borough contends the trial court erred in ordering the parties to participate in arbitration proceedings where Officer Rupert failed to follow the grievance procedures set forth in the Agreement. (Borough's Br., at 25, 56-57.) With respect to the appealability of the March Order, the Borough acknowledges that

---

[2] "The collateral order doctrine permits an appeal as of right from a non-final collateral order if the order satisfies the three requirements set forth in Rule 313(b)—separability, importance, and irreparability." *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018).

the order is interlocutory, but maintains that it is nevertheless immediately appealable as a collateral order, or alternatively as an order of peremptory judgment in mandamus. *Id.* at 42, 79-89.

## A. Collateral Order Doctrine

We begin by addressing the appealability of the trial court's March Order, as it directly impacts our jurisdiction over this case. *Smith v. Ivy Lee Real Estate LLC*, 326 A.3d 1064, 1069 (Pa. Cmwlth. 2024).[3] Rule 311(a) of the Pennsylvania Rules of Appellate Procedure governs interlocutory appeals as of right. It provides in pertinent part that "an appeal may be taken as of right . . . from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8). With respect to orders concerning arbitration, the statutory authorization for an interlocutory appeal is found in Section 7320(a) of the Uniform Arbitration Act (UAA),[4] 42 Pa.C.S. § 7320(a), which states in relevant part:

> (a) General rule.--An appeal may be taken from:
>
> (1) A court order **denying an application to compel arbitration** made under section 7304 (relating to proceedings to compel or stay arbitration).
> . . . .

---

[3] "With regard to jurisdictional questions and other questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Com. ex rel. Kane v. Philip Morris, Inc.*, 128 A.3d 334, 340 n.5 (Pa. Cmwlth. 2015). With respect to mandamus actions, our scope of review is limited to determining whether the trial court abused its discretion, committed an error of law or whether sufficient evidence exists to support its findings, and our standard of review is *de novo*. *County of Carbon v. Panther Valley School District*, 61 A.3d 326, 331 n.3 (Pa. Cmwlth. 2013).

[4] Act of October 5, 1980, P.L. 693.

42 Pa.C.S. § 7320(a)(1) (emphasis added). While subsection (a)(1) permits an appeal from an order **denying** an application to compel arbitration,

> **[t]he UAA provides no corollary for an immediate appeal from an order compelling arbitration. It is well-settled that an order compelling arbitration is not a final, appealable order**. When a trial court compels arbitration, the action is stayed pending arbitration, and the trial court retains jurisdiction and supervision over the arbitration. The trial court does not address the merits of the parties' claims but merely transfers their dispute to another forum in accordance with the arbitration provision of the underlying contract. **Consequently, an appellate court lacks jurisdiction to determine the merits**. . . . **[A]n order compelling arbitration is not appealable because the parties are not forced out of court.**

*Phillip Morris, Inc.,* 128 A.3d at 343 (citations omitted) (emphasis added).

However, although an order compelling arbitration is generally not appealable as an interlocutory order, it may be appealable as a collateral order in limited circumstances. *Id.* at 345. Pennsylvania Rule of Appellate Procedure 313 governs the appealability of collateral orders and provides:

> (a) **General Rule**. An appeal may be taken as of right from a collateral order of a trial court or other government unit.
>
> (b) **Definition**. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

Therefore, an order is collateral under this rule if it satisfies the following three prongs: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is

7

such that, if review is postponed until final judgment in the case the claim will be irreparably lost. Pa.R.A.P. 313(b). The Pennsylvania Supreme Court has concluded that, "as a means to reinforce and support the final order rule . . . the collateral order doctrine must be narrowly construed, and, before application thereof, every one of its three prongs must be clearly present, especially considering that a party may seek permission to appeal an interlocutory—*i.e.*, non-final—order pursuant to Pennsylvania Rule of Appellate Procedure 312, Pa.R.A.P. 312."[5] *J.C.D. v. A.L.R.*, 303 A.3d 425, 430 (Pa. 2023). "Where an order satisfies Rule 313's three-pronged test, an appellate court may exercise jurisdiction even though the order is not final." *Shearer*, 177 A.3d at 857.

We begin by addressing the second prong of the collateral order doctrine, the importance prong, as it is dispositive to our analysis. This prong is satisfied under circumstances where "a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Id.* "Further, the rights involved must implicate interests deeply rooted in public policy and going beyond the particular litigation at hand." *Id.* at 859.

After review of the record, we conclude that the Borough has failed to satisfy this prong. While the issue of Officer Rupert's compliance with the Agreement's grievance procedure is of the utmost significance to these particular parties, only those claims that involve interests "deeply rooted in public policy" can be considered too important to be denied review for purposes of the collateral order doctrine. *Id.* This case involves no such claims. The trial court's March Order compelling the parties to proceed to arbitration implicates no policy interests of sufficient import that immediate appeal is required. Instead, the issue is essentially

---

[5] Rule 312 provides that "[a]n appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)." Pa.R.A.P. 312.

limited to the facts of this case. Therefore, mindful that we must narrowly construe the collateral order doctrine and that each of its three prongs must be clearly satisfied, we find that the requirements of the doctrine have not been met. *See J.C.D.*, 303 A.3d at 430. Accordingly, the trial court's March Order compelling arbitration is not an appealable collateral order as of right under Rule 313.

## B. Peremptory Judgment

We next address the Borough's claim that the trial court's March Order is immediately appealable as a peremptory judgment in mandamus pursuant to Pennsylvania Rule of Civil Procedure 1098 and Pennsylvania Rule of Appellate Procedure 311(a)(5). (Borough's Br., at 79.)

Civil Rule 1098 governs entry of peremptory judgment and provides "[a]t any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear." Pa.R.Civ.P. 1098. Appellate Rule 311(a)(5) provides that an interlocutory appeal may be taken as of right from an order granting peremptory judgment in mandamus. Pa.R.A.P. 311(a)(5).

As previously noted, "[m]andamus is an extraordinary writ which will issue to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Shaler Area School District v. Salakas*, 432 A.2d 165, 168 (Pa. 1981). Peremptory judgment is appropriately entered only where there exists no genuine issue of fact and the right to relief is clear. *Id.* "The grant of peremptory mandamus is rarer than a writ of mandamus that is entered after a trial." *County of Carbon v. Panther Valley School District*, 61 A.3d 326, 330 (Pa. Cmwlth. 2013). "It is similar to a preliminary injunction in that it may be entered

9

before an answer is filed and without a hearing, where necessary to protect the public interest." *Id.*

Here, a review of the record demonstrates that Rule 1098 is not applicable, as Appellees never sought entry of a peremptory judgment. Rather, Appellees filed a motion for summary judgment and the trial court denied that motion in February of 2023. The trial court then granted Appellees' request for mandamus in part in March of 2024, after it held an evidentiary hearing and considered the parties' post-hearing submissions. Therefore, despite the Borough's attempt to characterize the March Order as entry of a peremptory judgment, its efforts to do so are plainly belied by the record, which reflects that the court instead issued a writ of mandamus after an evidentiary hearing.

## III. <u>Conclusion</u>

In sum, because there is no authority providing for the Borough's appeal from the trial court's interlocutory order compelling arbitration, we lack jurisdiction over the matter and quash the instant appeal.

Appeal quashed.

_____
PATRICIA A. McCULLOUGH, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dennis Rupert and                  :
Fraternal Order of                    :
Police, Lodge 91                     :
                                    :
              v.                 :        No. 416 C.D. 2024
                                    :
Borough of Plum and Plum         :
Borough Police Department         :
Wage and Policy Committee        :
                                    :
Appeal of: Plum Borough           :

## ***ORDER***

AND NOW, this 3ʳᵈ day of March, 2025, this appeal from the order of the Court of Common Pleas of Allegheny County dated March 14, 2024 is hereby QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge