# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

OWPH Devco, LLC,               :
           Appellant         :
                                :    No. 613 C.D. 2024
         v.                    :
                                  :    Argued: November 6, 2025
Monroeville Municipal Council and    :
Zoning Hearing Board,               :
Municipality of Monroeville         :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                           **FILED: December 8, 2025**

        Appellant OWPH Devco, LLC (OWPH) appeals from an order issued by the Court of Common Pleas of Allegheny County (Common Pleas) on May 2, 2024. Through that order, Common Pleas sustained Appellee Zoning Hearing Board, Municipality of Monroeville's (Board) preliminary objections, denied OWPH's motion for peremptory judgment of mandamus (Motion for Peremptory Judgment), and struck OWPH's complaint in mandamus (Complaint). We affirm.

## I. BACKGROUND[1]

        On March 17, 2023, OWPH submitted a conditional use application (Application) to the Board, in which OWPH requested five dimensional variances

---

[1] We draw this section's substance from Common Pleas' opinion regarding this matter, which was issued on June 20, 2024. *See generally* Common Pleas Op., 6/20/24.

that would enable it to erect a billboard on a parcel that abuts Old William Penn Highway in Monroeville.[2] Thereafter, the Board held multiple hearings regarding the Application, before denying the requested variances by voice vote at a public hearing on December 6, 2023. The Board then mailed formal denial notices to OWPH the following day, December 7, 2023, but did not include findings of fact or conclusions of law along with these notices.[3]

OWPH then made three related moves that ultimately gave rise to this appeal. First, OWPH issued a notice of deemed approval on January 2, 2024, in which it alleged that the Board had failed to issue a legally sufficient, timely decision and that the conditional use application should consequently be deemed approved pursuant to Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC).[4] Second, it filed its Complaint on February 23, 2024, through which it sought an order directing the Board and Appellee Monroeville Municipal Council (Council) to recognize and accept that OWPH's requested variances had been deemed approved. Finally, on February 29, 2024, OWPH filed its Motion for Peremptory Judgment, wherein OWPH maintained that, based upon this matter's factual record and the relevant law, it was entitled to judgment in its favor regarding its mandamus claim.[5]

In response, the Board filed preliminary objections, through which it demurred to OWPH's claim, and the Council submitted an answer with new matter. Common Pleas then issued an order on May 2, 2024, that sustained the Board's

---

[2] The parcel is identified as County and Block Lot No. 742-N-15.

[3] The Board issued findings of fact and conclusions of law for this matter on January 18, 2024.

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(9).

[5] OWPH also appealed the Board's denial notices to Common Pleas on their merits, and has filed separate appeals with this Court regarding Common Pleas' subsequent denial of those merits appeals. *See OWPH Devco, LLC v. Zoning Hr'g Bd. of the Municipality of Monroeville*, 117-121 C.D. 2025.

2

demurrer, denied OWPH's Motion for Peremptory Judgment, and struck OWPH's Complaint.[6]  This appeal to our Court followed shortly thereafter.

## II. DISCUSSION[7]

On appeal, OWPH argues that Common Pleas improperly concluded that the Board's December 7, 2023 denial notices constituted valid and timely decisions.  OWPH maintains that this is so because the Board did not issue a decision that included findings of fact and conclusions of law by December 15, 2023, the date to which OWPH had agreed to extend the Board's statutory deadline for rendering

---

[6] We note that Common Pleas struck the Complaint in full as to all defendants, despite the fact that the Council had elected to file an answer with new matter.  *See* Common Pleas Ord., 5/2/24, at 1.  OWPH does not challenge that portion of Common Pleas' order.  *See* OWPH's Br. at 37 ("While the standard that [Common Pleas] used in striking OWPH's [C]omplaint . . . is unclear, . . . there can be no dispute – and appears to be no dispute among the parties – that [Common Pleas'] order was final and appealable in that it had disposed the action as to all claims and all parties.").  Therefore, we will not address the merits of that specific ruling.

[7] Per Pennsylvania Rule of Civil Procedure 1098, a trial court may grant peremptory judgment in a mandamus action "[a]t any time after the filing of the complaint . . . if the right of the plaintiff thereto is clear."  Pa.R.Civ.P. No. 1098.  The threshold for granting peremptory judgment is the same as it is for granting summary judgment. *Wolgemuth v. Kleinfelter*, 437 A.2d 1329, 1331 (Pa. Cmwlth. 1981).  Specifically, "peremptory judgment is appropriately entered only where there exists no genuine issue of fact, and where the case is clear and free from doubt. The burden is on the plaintiff to prove that no factual issues exist, and all doubts must be resolved against him." *Shaler Area Sch. Dist. v. Salakas*, 432 A.2d 165, 168 (Pa. 1981).  Our standard of review regarding a trial court's disposition of a motion for peremptory judgment is limited to determining whether the lower court abused its discretion or committed an error of law. *Dusman v. Bd. of Dirs. of Chambersburg Area Sch. Dist.*, 113 A.3d 362, 368 n.4 (Pa. Cmwlth. 2015).

As for preliminary objections in the nature of a demurrer, such an objection may be sustained only if "on the facts averred, the law says with certainty that no recovery is possible.  Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005).  "For the purpose of evaluating the legal sufficiency of the challenged pleading, the [trial] court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (2008).  When reviewing a trial court's disposition of a demurrer, "our standard of review is *de novo* and our scope of review is plenary." *Luke v. Cataldi*, 932 A.2d 45, 49 n.4 (Pa. 2007).

that decision. Accordingly, OWPH asserts that Common Pleas' rulings regarding the preliminary objections and Motion for Peremptory Judgment were both legally erroneous, because the Board's failure to issue findings of fact and conclusions of law by December 15, 2023, caused the requested variances to be deemed approved as a matter of law. *See* OWPH's Br. at 23-38.

We disagree. In order to obtain a judgment in mandamus, a plaintiff must satisfy three requirements. First, they must prove that they have a clear legal right to the relief they seek. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997). Second, they must establish that the governmental body has a corresponding duty to grant such relief. *Id.* Finally, they must show that there is no adequate and appropriate legal remedy other than through mandamus. *Id.*

As already noted, OWPH maintains that it is entitled to the deemed approvals pursuant to Section 908(9) of the MPC, which reads as follows, in relevant part:

> The [zoning hearing] board . . . shall render a written decision . . . on [a zoning] application within 45 days after the last hearing before the board . . . . Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. . . . [W]here the board fails to render the decision within the period required by this subsection . . . , the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

53 P.S. § 10908(9). It is well settled that this "requirement is satisfied when the decision reached by a zoning board is communicated to the parties even though it is not then accompanied by findings of fact, by an opinion or by any explanation of the result." *Heisterkamp v. Zoning Hr'g Bd. of City of Lancaster*, 383 A.2d 1311, 1313 (Pa. Cmwlth. 1978); *accord Romesburg v. Fayette Cnty. Zoning Hr'g Bd.*, 727 A.2d

4

150, 152 (Pa. Cmwlth. 1999); *Packard v. Com.,* 426 A.2d 1220, 1221 (Pa. Cmwlth. 1981); *Morgan v. Zoning Hr'g Bd. of Lower Salford Twp.*, 283 A.2d 95, 96 (Pa. Cmwlth. 1971). In other words, "the decision is not deemed to be in favor of the applicant solely because the findings of fact and conclusions of law are late or absent. It is the decision itself that must be made within forty-five days [or by the parties' agreed-upon deadline]." *Romesburg*, 727 A.2d at 152 (cleaned up). Therefore, Common Pleas correctly concluded that OWPH was not clearly entitled to the deemed approval relief it sought, as it is undisputed that the Board issued its decision for this matter (*i.e.*, the denial notices) on December 7, 2023, eight days before the December 15, 2023 deadline.

Nevertheless, OWPH maintains that we should overturn our *corpus* of case law regarding this issue. This is because, in OWPH's view, we have misinterpreted Section 908(9) of the MPC by holding that a decision can be timely even in instances where findings of fact and conclusions of law are not issued by the relevant decision deadline. *See* OWPH's Br. at 23-31. OWPH focuses on this statute's directive that "each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor." *See id.* (citing and discussing 53 P.S. § 10908(9)). In doing so, OWPH posits that a zoning hearing board "must deliver its findings, conclusions, and reasons contemporaneously with its decision" in order for that decision to be considered timely. *Id*. at 27.

OWPH's argument thus calls for us to interpret the language used in Section 908(9) of the MPC and, accordingly, we look to our canons of statutory construction for guidance. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "In pursuing that end, we are mindful a statute's plain language

generally provides the best indication of legislative intent. Thus, statutory construction begins with examination of the text itself." *Malt Beverage Distribs. Ass'n v. Pa. Liquor Control Bd.*, 918 A.2d 171, 175 (Pa. Cmwlth. 2007). When interpreting a statute, a court must endeavor, "if possible, to give effect to all its provisions" and must construe the statute's "[w]ords and phrases . . . according to rules of grammar and according to their common and approved usage[.]" 1 Pa. C.S. §§ 1903, 1921(a). However, though a court must "listen attentively to what a statute says[,] [we] must also listen attentively to what it does not say." *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001) (cleaned up). To that end, "[w]e may not insert a word the legislature failed to supply into a statute." *Malt Beverage Distribs.*, 918 A.2d at 176.

With these directives in mind, we conclude that OWPH's preferred interpretation is incorrect. The plain language of Section 908(9) of the MPC clearly differentiates between a decision and the related findings of fact and conclusions of law, such that the latter must be classified as a separate issuance, rather than a subsidiary or component of the former. *See* 53 P.S. § 10908(9). Notably, Section 908(9) expressly states that a zoning application will be deemed approved if a zoning hearing board does not issue a timely decision, but is *entirely silent* regarding what, if any, consequences there are if the body fails to accompany the decision with findings of fact and conclusions of law. *See id.* The General Assembly "could have quite easily stated that if [a zoning hearing board] failed to render its decision and accompany it with the required findings, conclusions, and reasons within the required time, the decision would be deemed to be in favor of the applicant[, but] did not do so." *Morgan*, 283 A.2d at 96. The absence of such language evinces the General Assembly's clear intent that a deemed approval occurs *only* when a zoning

6

decision *itself* is not issued in a timely manner, with the corollary being that a deemed approval *does not occur* when a zoning hearing board fails to contemporaneously issue findings of fact and conclusions of law. Given this, the Board's failure to release its findings of fact and conclusions of law by the aforementioned December 15, 2023 decision deadline did not result in the deemed approval of OWPH's zoning application.

### III. CONCLUSION

In accordance with the foregoing analysis, we affirm Common Pleas' May 2, 2024 order.

 

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

OWPH Devco, LLC, :
                Appellant :
                 : No. 613 C.D. 2024
        v. :
                 :
Monroeville Municipal Council and :
Zoning Hearing Board, :
Municipality of Monroeville :

# **O R D E R**

AND NOW, this 8th day of December, 2025, it is hereby ORDERED that the Court of Common Pleas of Allegheny County's order, dated May 2, 2024, is AFFIRMED.

<br>

                                          _____
                                          **LORI A. DUMAS, Judge**