James W. Goulding, Appellant, *v.* The Mayor and Town Council of the Borough of Chambersburg, Appellees.

Argued January 10, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Victor Dell'alba,* for appellant.

*Daniel W. Long,* for appellee.

OPINION BY JUDGE WILKINSON, February 11, 1975:

This case is an appeal from the decision of the Court of Common Pleas of Franklin County affirming the decision of the Civil Service Commission of the Borough of Chambersburg which sustained the ten-calendar day (five working days) suspension of appellant from duty as a

paid fire apparatus operator for the Borough. Prior to August 30, 1973, appellant had been stationed at the Junior Fire Company Station. On August 30, 1973, the Borough's Fire Code Administrative and Enforcement Officer personally delivered to appellant a written notice of his transfer to the Friendship Fire Company Station, effective September 3, 1973.

On September 7, 1973, appellant's next working day, he refused to report to the Friendship Station, although he was present for work at the Junior Station. Appellant subsequently was given a written suspension notice specifying the grounds for the suspension as neglect or violation of official duty in that he did not perform his duties at the Friendship Station on September 7, 1973.

Appellant, on September 12, 1973, requested a hearing before the Civil Service Commission of the Borough of Chambersburg on the propriety of both the transfer of August 30, 1973, and the suspension of September 7, 1973. On September 14, 1973, the Civil Service Commission of the Borough of Chambersburg notified the appellent it would conduct a hearing, but it would be limited to the propriety of the suspension, the propriety of the transfer not being cognizable by it. The Civil Service Commission of the Borough of Chambersburg, on September 26, 1973, by a unanimous decision, found that the appellant's refusal to work on September 7, 1973, constituted neglect or violation of his official duties and sustained the suspension.

On appeal to the Court of Common Pleas, the decision of the Civil Service Commission of the Borough of Chambersburg was affirmed.

Appellant recognizes that his case must stand or fall on the question of whether a transfer is a removal. He argues that the transfer is in effect a removal and that he, therefore, is entitled to a hearing pursuant to Section 1191 of the Borough Code, Act of February 1, 1966, P. L. (1965), *as amended*, 53 P.S. §46191, which allows

a hearing in cases where an employee is "suspended, removed or reduced in rank."

In support of this position, counsel for appellant cites *Simmler v. Philadelphia*, 329 Pa. 197, 198 A. 1 (1938), where the Supreme Court held that the word "removal" is not confined to the separation of the incumbent from the service. This case is easily distinguishable from the instant case in that the statute cited in *Simmler* had separate specific reference to the discharge of employees, while Section 1191 of the Borough Code, except for use of the word "removal" does not. The clear intent of the Legislature in using "removal" in Section 1191 was to cover the situation where the employee's service was terminated, i.e., discharged. We cannot construe "removal" to include a transfer of duty station within a borough where no change in salary or job classification resulted. We hold that the appellant has no right to a hearing to review his transfer.

We are, therefore, left to review the suspension itself to determine if the findings are supported by substantial evidence and whether the Court abused its discretion or committed an error of law. *See Albano v. Civil Service Commission of McAdoo*, 13 Pa. Commonwealth Ct. 333, 320 A.2d 385 (1974). Under the admitted facts in this case, given the propriety of the transfer, we find that there can be no doubt that this suspension was proper under Section 1190(2) of the Borough Code, 53 P. S. §46190(2).

Affirmed.