United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued December 16, 1981, before President Judge CRUMLISH, JR. and Judges BLATT, WILLIAMS, JR., CRAIG and MACPHAIL.

*John McN. Cramer,* with him *Robert W. Thomson* and *Stephen K. Todd, Reed, Smith, Shaw & McClay,* for petitioner.

*Maxine Woelfling,* Assistant Attorney General, for respondent.

Opinion by Judge MacPhail, March 2, 1982:

United States Steel Corporation (Petitioner) appeals from an adjudication and order of the Environmental Hearing Board (EHB) dismissing Petitioner's appeal from an order of the Environmental Quality Board (EQB) adopting amendments to regulations establishing water quality standards for Commonwealth waters. We affirm.

By order dated August 21, 1979, the EQB adopted amendments[1] to 25 Pa. Code Chapters 93, 95 and 97 relating to water quality standards, wastewater treatment requirements and industrial wastes, respectively. The order provided an effective date of October 8, 1979. 9 Pa. B. 3051 (1979). On October 9, 1979 Petitioner filed an appeal with the EHB challenging the amendments as being arbitrary, capricious and unreasonable for eight stated reasons.[2] The Department of Environmental Resources (DER) subsequently filed a motion to quash on the ground that the EHB lacked jurisdiction to hear the appeal. The EHB granted the motion, concluding that it has no jurisdiction to review an action of the EQB and that the promulgation of regulations by an administrative agency is not an appealable event.

Petitioner presents three arguments in its appeal to the Court: 1) that an order issued by the EQB is an order of DER subject to the EHB's jurisdiction; 2) that an order adopting regulations by the EQB is a review-

---

[1] The regulations were amended pursuant to Section 5 of The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.5.

[2] The challenges all apparently relate to the amendments to 25 Pa. Code Chapter 93 applicable to waters into which Petitioner discharges effluents from its manufacturing and mining facilities. The challenges include lack of prior public notice for certain of the amendments and failure to establish certain water quality standards.

able event; and 3) that the refusal of the EHB to review the EQB action deprives Petitioner of an adequate remedy at law. Section 1921-A(a) of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §510-21(a) provides that:

> The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of ... the 'Administrative Agency Law,' *on any order*, permit, license or decision *of the Department of Environmental Resources*. (Emphasis added.)

Thus, for the EHB to have jurisdiction over a direct appeal from the order of the EQB adopting amendments to DER regulations, that order must constitute an order of DER. If the EQB's order is not an order of DER, then the EHB would lack the power to issue an adjudication thereon.

This Court has previously noted that environmental laws in Pennsylvania are now administratively regulated by three separate and distinct regulatory bodies. *East Pennsboro Township Authority v. Department of Environmental Resources*, 18 Pa. Commonwealth Ct. 58, 334 A.2d 798 (1975). The EQB was established as a departmental administrative board[3] and has as its primary power and duty the formulation, adoption and promulgation of rules and regulations which, when made, become the rules and regulations of DER. Section 1920-A of the Code, 71 P.S. §510-20. Once the EQB establishes the regulations, DER, as the second regulatory body, has the duty of administering and enforcing the regulations. *East Pennsboro Township Authority*. Finally, as we

---

[3] Section 202 of the Code, 71 P.S. §62.

have stated previously, the EHB has the power to review orders, permits, licenses and decisions of DER.[4]

While as a matter of departmental organization the EHB and the EQB are administrative boards *within* DER, Section 503 of the Code, 71 P.S. §183 provides:

> *[D]epartmental administrative* bodies, *boards,* and commissions, within the several administrative departments, *shall exercise their powers and perform their duties independently of the heads or any other officers of the respective administrative departments* with which they are connected, but, in all matters involving the expenditure of money, all such departmental administrative boards and commissions shall be subject and responsible to the departments with which they are respectively connected. (Emphasis added.)

This provision demonstrates, in our opinion, the General Assembly's intent that when the EQB acts pursuant to its powers and duties, it acts as an independent body separate from DER. When the EQB adopted the regulations challenged by Petitioner, it did so as an administrative board with powers uniquely its own. It cannot be doubted, for instance, that the Secretary of DER would be powerless to adopt, as an act of DER, the regulations here at issue. Keeping in

---

[4] We, of course, recognize our statement in *East Pennsboro Township Authority*, 18 Pa. Commonwealth Ct. at 67, 334 A.2d at 803, that the EHB was created to review DER actions *"and the regulations established by EQB."* (Emphasis added.) The language regarding review of regulations, however, was purely *dicta* in *East Pennsboro* since all the EHB had before it for review was the validity of a DER order. In any event, we view the language in *East Pennsboro* to mean only that the legality of EQB regulations may be ruled upon by the EHB *in the context* of an appeal from a specific DER action involving those regulations. In our opinion the Code clearly does *not* provide a direct route of appeal from the adoption of regulations by the EQB to review by the EHB.

mind, then, the regulatory design by which the rulemaking, enforcement and adjudicatory functions within DER are performed by separate bodies, we conclude that the order of the EQB here at issue does not constitute an order of DER subject to the jurisdiction of the EHB. Accordingly, we hold that the EHB lacks jurisdiction over the Petitioner's direct appeal from the EQB's order adopting amendments to DER regulations.[5]

Since we conclude that the EHB lacks jurisdiction over Petitioner's appeal we need not address the other arguments presented.

Order affirmed.

### Order

And Now, this 2nd day of March, 1982 the order of the Environmental Hearing Board, dated May 23, 1980, Docket No. 79-154-B, is hereby affirmed.

Judge Palladino did not participate in the decision in this case.

---

[5] We note that this holding relates solely to the EHB's jurisdiction over Petitioner's appeal and does not constitute a ruling on other possibly appropriate proceedings in which Petitioner might present its challenges. *See e.g., Temple University v. Department of Public Welfare*, 30 Pa. Commonwealth Ct. 595, 374 A.2d 991 (1977), and *Pennsylvania Association of Life Underwriters v. Commonwealth*, 29 Pa. Commonweath Ct. 459, 371 A.2d 564 (1977), *aff'd* 482 Pa. 330, 393 A.2d ·1131 (1978).