Officer John D. Iorio, Appellant *v.* Borough of Carnegie, Mayor Lawrence Harkovich; Council President John DeFonso et al., Appellees.

Argued November 16, 1984, before Judges MAC-PHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*Shelley W. Elovitz,* with her, *Ronald N. Watzman, Watzman & Elovitz,* for appellant.

*John F. Cambest, Conway, Meyer & Cambest,* for appellees.

OPINION BY JUDGE DOYLE, January 28, 1985:

This is an appeal by John D. Iorio (Appellant) from an order of the Court of Common Pleas of Allegheny County sustaining the Borough of Carnegie (Borough's) preliminary objection that Appellant had failed to exhaust his administrative remedy and dismissing Appellant's complaint.

Appellant began his employment as a patrolman with the Borough on December 13, 1977. On May 11, 1982, Appellant was granted a six month leave of absence pursuant to his request, said leave to begin on June 6, 1982. On July 12, 1982 Appellant sent a letter to the mayor of the Borough expressing his intent to resign, requesting the return of his unused sick leave and retirement monies, and indicating that he would be withdrawing his previously granted leave of absence.

On November 12, 1982 Appellant rescinded his July 12, 1982 letter and indicated his intent to return to active duty. Appellant also returned pension contributions he had received on July 27, 1982. The Borough, however, failed to reinstate Appellant to his position, although it filed no formal charges against him, nor had it formally accepted his resignation. Appellant then filed a complaint in mandamus with the common pleas court praying that the court order the Borough to reinstate him.

The Borough filed a preliminary objection contending that Appellant had failed to exhaust his administrative remedy before the Civil Service Commission. The trial court sustained the objection and this appeal followed.

Section 1191 of the Borough Code[1] (Code) provides that police officers are to be accorded hearings on demand in cases of suspension, removal or reduction in rank. Appellant argues that the personnel action here in question cannot be a removal because Section 1190 of the Code[2] provides that removal actions may be taken for only six specific reasons none of which has been alleged by the Borough here. The Borough contends that *any* removal is appealable to the Commission and that the refusal to reinstate Appellant is an "implied removal."

We agree with the Borough. The fact that the personnel action is not taken for one of the six statutorily recognized reasons does not preclude it from being a removal, although it *may* preclude it from being a *valid* removal. In the present fact pattern the Borough has refused to recognize Appellant's revocation of his resignation and reinstate him. Appellant wants to return to his position as is evidenced by his revocation letter; he has not been permitted to do so. Thus, the effect of the Borough's action (or inaction) is to remove Appellant. "The clear intent of the Legislature in using 'removal' in Section 1191 was to cover the situation where the employee's service was terminated, i.e., discharged." *Goulding v. Mayor and Town Council of the Borough of Chambersburg,* 17 Pa. Commonwealth Ct. 379, 333 A.2d 189 (1975). Clearly, the Borough's refusal to permit Appellant to

[1] Act of February 1, 1966, P.L. (1965), 1656 53 P.S. §46191.
[2] 53 P.S. §46190.

return to his position caused his service to be terminated.

If we were to accept Appellant's argument that only removal actions taken for the six reasons enunciated in Section 1190 were within the Civil Service Commission's jurisdiction, then removals based upon other grounds would have to be litigated in common pleas court. This result would permit the Borough to fashion the grounds for removal in such a way as to control which forum the appeal would be heard in and would thus foster protracted pretrial disagreements on whether the alleged grounds fall within the provisions of Section 1190. It is even possible that multiple grounds would require litigating the same removal action in two different forums. Judicial economy will not tolerate such a result. Moreover, forum shopping is to be avoided if possible because it creates the risk of inconsistent treatment of similar fact patterns. The Civil Service Commission has developed an expertise in adjudicating removal actions and to allow the *reason* cited for the personnel action rather the *nature* of the personnel action to govern the forum would rob the Commission of the opportunity to exercise its expertise.

Appellant also alleges that because the Borough has failed to issue a removal letter specifying grounds for its refusal to reinstate him he has nothing to appeal to the Civil Service Commission. The difficulty with this argument is that by holding that there is no appealable action where no letter is issued, the Borough could avoid triggering the Civil Service appeal process merely by refusing to issue a statement of charges and, thus, force the matter to be litigated in common pleas court. This would present the same problems just discussed. While a removal action under Section 1190 would appear to require a statement

of charges, a hearing under Section 1191 is not conditioned upon the issuance of such charges. Section 1191 merely gives the Appellant the right to respond to any charges which are, in fact, filed against him. Thus, filing of charges is not a statutory prerequisite to entitlement to a hearing.

Appellant cites the case of *McGuckin v. Borough of West Homestead,* 360 Pa. 311, 62 A.2d 23 (1948), *appealed again after remand,* 365 Pa. 408, 76 A.2d 392 (1950) wherein the Pennsylvania Supreme Court ordered the reinstatement to a lower level position of a police officer whose job had been eliminated as a cost saving measure. That fact pattern is more closely described as a furlough action which the Supreme Court found had not taken into account McGuckin's seniority rights. West Homestead's failure to follow the seniority rule was the basis for the Supreme Court's decision. The Supreme Court itself ordered reinstatement rather than remanding the case back to the Civil Service Commission to do so because it found that the case presented no question of fact, but rather a pure issue of law. Moreover, in *McGuckin* the question was whether the Supreme Court itself had the power to reinstate, not whether the case was initially brought in the correct forum.[3]

Appellant also cites *Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329 (1950) in which it was held that the Civil Service Commission was not proper forum for appealing a furlough action because hearings on furloughs were not specifically provided for. Appellant here was not furloughed; *Kusza* is thus not relevant to his appeal.

---

[3] In *McGuckin* the action was before the common pleas court, not the Civil Service Commission, because the personnel action was a furlough, not a removal. *See Kusza v. Maximonis,* 363 Pa. 479, 70 A.2d 329 (1950).

240

In the instant case no factual record has been established; a hearing is needed to determine why the Borough refuses to reinstate Appellant. Having found that the Borough's refusal to reinstate Appellant after he had revoked his resignation had the effect of removing Appellant, we hold that the Civil Service Commission is the proper place for the airing of this matter. A mandamus action will not properly lie when administrative remedies have not been exhausted. *Packler v. State Employes' Retirement Board*, 487 Pa. 51, 408 A.2d 1091 (1979). We therefore affirm the trial court's order to the extent that it sustains the preliminary objection relating to failure to exhaust his administrative remedy and dismisses the complaint.[4]

ORDER

Now, January 28, 1985, the order of the Court of Common Pleas of Allegheny County is affirmed to the extent that it sustained the Borough's preliminary objection that Appellant has failed to exhaust his administrative remedy and dismissed Appellant's complaint.

---

[4] We note that the trial judge in his order transferred this case to the Civil Service Commission. We express no opinion with respect to the propriety of that transfer, this issue not having been raised before our Court.