525 A.2d 437

Globe Disposal Company, Inc., and American Environmental Services, Inc., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*David J. Brooman,* with him, *John P. Judge, Cohen, Shapiro, Polisher, Shiekman and Cohen;* and *Charles V. Stoelker, Jr., Meehan and Stoelker,* for petitioners.

*John Wilmer,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, May 4, 1987:

The Commonwealth of Pennsylvania, Department of Environmental Resources (DER) filed preliminary objections to a Petition for Review and Application for Special and Injunctive Relief filed by Globe Disposal Company, Inc. (Globe) and American Environmental Services, Inc. (American). Globe and American then filed preliminary objections to DER's preliminary objections.

From 1975 to April 1985, Globe and American transported institutional municipal waste, including "infectious" and "pathological" hospital generated waste,[1] to sanitary landfills licensed by DER for dispos-

---

[1] DER's April 1985 letter to Globe and American defined infectious and pathological waste as follows:

> Infectious wastes include disposable equipment, instruments, utensils, bandages, bedding, towels, tongue depressors, syringes, needles and other pathologically contaminated materials which have been exposed to humans

al. Pursuant to DER instructions in April, Globe and American immediately ceased disposing of this waste in landfills and proceeded to incinerate it. On November 22, 1985, however, DER issued an order which prevented the incineration of this waste by Globe and American at Waste Technique Corporation's[2] Bridgeport, Pennsylvania incinerator, and the incinerator was closed due to its allegedly improper handling and disposal of the waste.

On November 25, 1985, Globe and Waste Technique Corporation filed an Appeal and a Petition for Supersedeas with the Environmental Hearing Board (EHB) concerning DER's closure of their incinerator, and DER alleges that that Appeal is currently before the EHB. On November 27, 1985, Globe and American filed a Petition for Review and an Application for Special and Injunctive Relief in this Court,[3] and an injunction was issued the same day which prohibited DER's interference with their use of landfills in the Commonwealth. On November 29, this Court issued an order clarifying the November 27, 1985 injunction and en-

---

or animals that are expected [sic] or diagnosed as having a communicable disease and must, therefore, be isolated. In addition, biologically contaminated foods, drugs, cosmetics and pharmaceutical wastes from the production of antibiotics or vaccines may be considered infectious wastes.

Pathological wastes include all laboratory, surgery, and autopsy waste, tissues, blood tissues, excretia, excretions, cultures, organs, body parts, dialysis unit wastes, laboratory animal carcasses and bedding, or any other waste or material which might be contaminated by pathogens.

[2] Waste Technique Corporation has the same officers and principal operators as Globe and is located at the same address as Globe.

[3] Globe and American challenge the validity of DER's purported regulations or "policies and procedures."

joining DER from prohibiting the dumping at landfills pending a hearing *or* until the incinerator was reopened. The EHB subsequently granted a supersedeas on December 4, 1985, which allowed the reopening of the incinerator. DER then filed preliminary objections to the Petition for Review and Application for Special and Injunctive Relief, to which Globe and American responded with preliminary objections. Upon a joint application by the parties, DER's appeal to the Pennsylvania Supreme Court of this Court's November 27 and 29, 1985 orders[4] and Globe and American's Application for Special and Injunctive Relief concerning the prohibitions of dumping at landfills were withdrawn.

DER preliminarily objects to this Court's jurisdiction to hear and decide the Petition for Review, arguing that Globe and American have failed to exhaust their exclusive administrative remedies by not appealing to the EHB within thirty days of the governmental action which prohibited the use of landfills. DER also argues that the November 22, 1985 closure of the incinerator is a matter for the EHB. In addition, DER has filed a preliminary objection in the nature of a demurrer.[5] In order to address the preliminary objections filed by DER, we must first consider the two preliminary objections to the preliminary objections filed by Globe and American.

Globe and American have preliminarily objected to DER's preliminary objections[6] on the ground that DER

---

[4] This Court's November 27, 1985 and November 29, 1985 orders were dissolved on April 6, 1986.

[5] At oral argument, DER withdrew the objection premised on a prior action pending before the EHB.

[6] Preliminary objections are a proper response to preliminary objections. *Psihoulis v. Wyoming Radio, Inc.*, 53 Luz. Leg. Reg. Rep. 9 (1962); *see* Pa. R.C.P. No. 1017.

has alleged facts not of record and/or has denied facts. We note, however, that in reviewing preliminary objections, only facts that are well-pleaded, material and relevant are considered as true, and that objections will only be sustained if clear and free from doubt. *Ohio Casualty Group of Insurance Companies v. Argonaut Insurance Company,* 92 Pa. Commonwealth Ct. 560, 500 A.2d 191 (1985). We must consider, therefore, only those facts averred in the Petition for Review and disregard inconsistent facts pled in DER's preliminary objections. *Shaffer v. Shaffer,* 354 Pa. 517, 47 A.2d 702 (1946). Furthermore, an objection premised on inconsistent facts and/or a denial of facts is not a proper subject of preliminary objections. Pa. R.C.P. No. 1017.

Globe and American also preliminarily object to DER's preliminary objections because they were filed without the verification required by Pa. R.C.P. No. 1024(c). We note, however, that this defect was corrected by DER's subsequent submission of a verification. And, inasmuch as the Rules of Civil Procedure are to be liberally construed so as not to put a party out of court, *Duquesne Light Co. v. U.S. Industrial Fabricators, Inc.,* 334 Pa. Superior Ct. 444, 483 A.2d 534 (1984), we will dismiss this preliminary objection.

Having dismissed Globe and American's preliminary objections, we must now address DER's preliminary objection to this Court's jurisdiction to hear and decide the Petition for Review on the ground that Globe and American have failed to exhaust their exclusive administrative remedies by not appealing to the EHB within thirty days of the governmental action. At issue here, however, are two governmental actions: 1) the April 1985 action concerning the landfills; and 2) the November 1985 action concerning the incinerator. It is undisputed by the parties that on November 22, 1985, DER issued an order which prevented the incineration of waste by Globe

and American at their Bridgeport incinerator; therefore, the remaining issue is whether or not Globe and American received any orders in April 1985 which prohibited the disposal of institutional waste in landfills.

Although Globe and American argue, in their brief, that they received no orders in April 1985, in considering preliminary objections, we must accept as true all factual averments in the Petition for Review, *Yellow Cab Owners and Drivers Association v. Pennsylvania Public Utility Commission*, 87 Pa. Commonwealth Ct. 626, 488 A.2d 369 (1985); and, in their Petition for Review, Globe and American consistently argue that they received orders in April, which prohibited the use of landfills for disposal. Accepting these allegations as true, as we must for the purposes of these preliminary objections, *id.*, we will consider only those factual allegations in DER's preliminary objections which are consistent with the assertion that there were orders issued by DER in April and November 1985, and we will disregard DER's alternative argument that no orders were issued in April 1985.[7] *Shaffer.*

Having concluded that there are two orders at issue here, we must determine whether or not, as DER contends, the EHB is the proper forum in which to review DER's actions.

The EHB has the authority to hear and decide appeals of DER actions under Section 1921-A(a) of the Administrative Code of 1929, Act of April 9, 1929, P.L.

---

[7] DER, in its preliminary objections, argues that it did not issue any orders *directly* to Globe and American in April 1985 and, alternatively, DER contends that by informing Globe and American of its new policies on April 8, 1985 and its April 16, 1985 letter prohibiting the disposal of institutional waste in landfills could be considered an appealable order because Globe and American's business of hauling waste would be adversely affected by the landfill operators' refusal to accept such waste.

177, *as amended,* added by Section 20 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-21(a) which provides, in part:

> The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the Act of June 4, 1945 (P.L. 1388), known as the 'Administrative Agency Law,' or any order, permit, license or decision of the Department of Environmental Resources.

Section 108 of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, 35 P.S. §6018.108 also provides that:

> **Powers and duties of the Environmental Hearing Board**
>
> In addition to exercising its powers and duties to hold hearings and issue adjudications or [sic] any order, permit, license or decision of the department according to the provisions of 'The Administrative Code of 1929' and the Administrative Agency Law, the Environmental Hearing Board shall have the power and its duty shall be to hold, if requested to do so by any party to a duly perfected appeal of an oral order under section 602(D) to hold a hearing on any duly filed petition for supersedeas of such order within six business days of the receipt of such request by the board.

Globe and American argue that the objection to this Court's jurisdiction is governed by *Arsenal Coal Company v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984) in which the Pennsylvania Supreme Court held that this court has original jurisdiction to resolve a *pre-enforcement* challenge to the validity of a regulatory scheme promulgated by the Environmental Quality Board, and that review of such a

pre-enforcement challenge was not within the authority of the EHB. That case, however, is distinguishable. Unlike the situation in *Arsenal Coal,* the regulations, here, were in force and the EHB clearly had the authority to examine both the regulations and DER's enforcement of them. Furthermore, Globe and American complied with DER's order to cease using the landfills until their incinerator was closed seven months later, at which time they sought relief from this Court and from the EHB. This case, therefore, clearly presents a situation where the EHB enjoys ancillary power to rule on the validity of allegedly illegal regulations as well as DER's actions in applying them. *United States Steel Corp. v. Department of Environmental Resources,* 65 Pa. Commonwealth Ct. 103, 442 A.2d 7 (1982).

*Arsenal Coal* is distinguishable on two other grounds, as well. First, unlike the situation in *Arsenal Coal,* an injunction has been issued, here, to allow the incinerator to operate such that Globe and American will not feel the direct and immediate impact which would require our review. Second, at the time the cause of action accrued in *Arsenal Coal,* this Court did not have the option to transfer the case to the EHB pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103,[8] because at that time the term *tribunal* did

---

[8] Section 5103(a) was amended by Section 201 of the Act of December 20, 1982, P.L. 1409, to now read:

   If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the ex-

not include administrative agencies.[9] We believe, therefore, that the EHB has the authority to decide the validity of the regulations, and their application. Accordingly, Globe and American had an adequate administrative remedy in the EHB which they failed to exhaust prior to bringing an original action in this Court; and we may treat an action filed under our original jurisdiction as if it were filed under our appellate jurisdiction. *Holly v. Pennsylvania Crime Victim's Compensation Board,* 74 Pa. Commonwealth Ct. 609, 460 A.2d 900 (1983). We will sustain, therefore, DER's preliminary objection to our jurisdiction to decide the appeal of the April 1985 orders because that appeal was not taken within the requisite thirty days from the date of the orders. Pa. R.A.P. No. 512(a)(1).

Accordingly, we must determine whether or not we may transfer that portion of this case which deals with the appeal of the November 22, 1985 order.

Section 5103 provides that a court which lacks jurisdiction should not quash or dismiss an appeal but

---

clusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

[9] An amendment to Section 5103 adding and defining "tribunal" as a proper transferee did not become effective until February 18, 1983. Section 5103(d) now provides:

As used in this section 'tribunal' means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

should transfer the case to the proper *tribunal,* where the matter would be treated as if originally filed there. *Association of Community Organizations For Reform Now (ACORN) v. Guarino,* 99 Pa. Commonwealth Ct. 93, 512 A.2d 1312 (1986). The EHB has developed an expertise in adjudicating DER actions and it would be improper to deprive the EHB of the opportunity to exercise its expertise in environmental matters, particularly where, as here, there is a related appeal pending before it. *See Iorio v. Borough of Carnegie,* 87 Pa. Commonwealth Ct. 235, 487 A.2d 53 (1985).

Having found that the EHB is the proper forum in which to review DER's regulations and actions, we will transfer, to the EHB for resolution, that portion of this case dealing with the November 22, 1985 order closing the incinerator. *See Iorio.*

Inasmuch as we sustain DER's first preliminary objection to this Court's jurisdiction and dismiss those matters pertaining to the closure of the landfills and transfer those matters dealing with the November 22, 1985 order to the EHB, we will not address the other issues raised by the parties.

### Order

And Now, this 4th day of May, 1987, the petitioners' preliminary objections to the Department of Environmental Resources' preliminary objections in the above-captioned matter are dismissed, and the Department of Environmental Resources' preliminary objection raising a question of jurisdiction is sustained.

To the extent that the Petition for Review may be construed as a timely appeal of Department of Environmental Resources' action of November 22, 1985, it is hereby transferred to the Environmental Hearing Board for further consideration.

The Chief Clerk shall certify a copy of the docket entries in this matter and the pleadings in this matter to the Secretary of the Environmental Hearing Board.

Jurisdiction relinquished.