114 Pa. Commonwealth Ct. 339 (1988)
547 A.2d 802
Northampton, Bucks County, Municipal Authority, Petitioner
v.
Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.
No. 2048 C.D. 1986.
Commonwealth Court of Pennsylvania.
Argued December 14, 1987.
March 10, 1988.
*340 Argued December 14, 1987, before Judges CRAIG, BARRY, and Senior Judge NARICK, sitting as a panel of three.
Linda K. Caracappa, with her, Stephen B. Harris, Harris and Harris, for petitioner.
Louise S. Thompson, Assistant Counsel, for respondent.
OPINION BY SENIOR JUDGE NARICK, March 10, 1988:
This is an appeal by Northampton, Bucks County, Municipal Authority (Authority) from an adjudication of the Environmental Hearing Board (EHB) which concluded that certain interceptors were not eligible for state subsidy pursuant to the Act of August 20, 1953, P.L. 1217, as amended, 35 P.S. §§701-703 (Act 339). We affirm.
There is no factual contest herein. The Authority filed timely applications for the years 1981, 1982, 1983 and 1984 with the Department of Environmental Resources (DER) for subsidy under Act 339 with respect *341 to three interceptors in Northampton Township:[1] (1) the Pine Run Interceptor; (2) the Iron Works Creek Interceptor; and (3) the interceptor from the junction of the Pine Run and Iron Works Creek Interceptors to a connection to the Neshaminy Interceptor in Lower Southampton (the N-IWPR Interceptor). Northampton Township does not own or operate a sewage treatment plant and sewage from Northampton Township is conveyed through interceptors to the Neshaminy Interceptor which then transports the sewage to Philadelphia for treatment and disposal.
The Authority in its applications to DER, at the hearing before the EHB, and in its appeal herein maintains the position that the total costs of its three intercepting sewers should be included in the total construction costs upon which the 2% subsidy authorized by Act 339 is based. The total construction costs for the three interceptors for the years 1981, 1982, 1983 and 1984 was $912,523.66 and the yearly 2% subsidy allowable pursuant to Act 339 would be $18,250.47.[2]
In letters dated March 16, 1983 and September 24, 1984 DER informed the Authority that not all of the construction costs for the three interceptors were eligible for Act 339 subsidization. Rather, by applying the first connection limitation set forth in 25 Pa. Code §103.25(e)(1), DER concluded that only the costs of construction of the N-IWPR Interceptor from the *342 Neshaminy Interceptor back to the first connection on Langhorne Avenue were eligible for subsidy. According to DER, the yearly eligible construction costs were $23,244.42 and the yearly 2% subsidy was $464.89.
The Authority appealed DER's determination to the EHB contending that 25 Pa. Code §103.25(e)(1) upon which DER based its decision was invalid per se, or in the alternative, invalid as applied. The EHB affirmed DER's determination. Hence, this appeal.[3]
The sole issue presented for our resolution in this appeal is whether 25 Pa. Code §103.25(e)(1) is unconstitutional and unenforceable as an arbitrary and capricious limitation of the statutory language of Act 339 or in the alternative that 25 Pa. Code §103.25(e)(1) is invalid as applied in the instant matter. It is provided in 25 Pa. Code §103.25(e):
Interceptors which are considered integral portions of the sewage treatment works and therefore eligible for payment under the act shall include the following:
(1) That portion of an interceptor between the treatment facility and the first connection.
(2) An interceptor which picks up existing municipally-owned sewers which discharge untreated sewage into the same stream that receives the treatment facility effluent, regardless of the location of the point of discharge of the sewers. The interceptor is eligible from the treatment plant back to the point of interception of the furthest untreated sewage discharge from the plant.
(3) An interceptor which picks up existing municipally-owned sewers which discharge untreated *343 sewage into a tributary stream if that stream contributes at least 15% of the average daily flow to the stream receiving the effluent of the treatment plant, as measured at the point of effluent introduction to this main stream.
(4) An interceptor which carries at least 50% of the total sewage flow from the sewered population of the applicant municipality to the treatment plant or sewer system of another municipality; provided that such interceptor meets the criteria described in paragraphs (1), (2) or (3). Where it is not feasible to obtain sewage flow statistics, demographic statistics may be used.
Thus, 25 Pa. Code §103.25(e)(1) sets forth a first connection limitation on interceptors eligible for the 2% subsidy under Act 339.
Initially, we note that our scope of review of decisions made by the EHB is limited to determining whether the EHB committed constitutional violations, errors of law, or whether any necessary findings were unsupported by substantial evidence. Haycock Township v. Department of Environmental Resources, 108 Pa. Commonwealth Ct. 466, 530 A.2d 514 (1987). We should further note that an administrative agency has wide discretion in performing its administrative duties including promulgating rules, regulations and standards; and this Court will not interfere with the exercise of this discretion absent proof of fraud, bad faith or blatant abuse of discretion. Id. As the reviewing Court, we are not at liberty to substitute our own discretion unless what has been ordered appears to be so entirely at odds with fundamental principles that it appears to be an expression of whim rather than an exercise of judgment. Department of Environmental Resources v. Metzger, 22 Pa. Commonwealth Ct. 70, 73-74, 347 A.2d 743, 746 *344 (1975) citing American Telephone & Telegraph Co. v. United States, 299 U.S. 232 (1936).
Section 3 of Act 339, 35 P.S. §703, authorizes DER to promulgate regulations regarding amounts to be expended under Act 339.[4] The EHB has the authority to review the validity of a duly promulgated regulation.[5]U.S. Steel Corp. v. Department of Environmental Resources, 65 Pa. Commonwealth Ct. 103, 442 A.2d 7 (1982).
Duly promulgated regulations are accorded a presumption of validity and reasonableness. See Department of Environmental Resources v. Pennsylvania Power Co., 490 Pa. 399, 416 A.2d 995 (1980); Department of Environmental Resources v. Locust Point Quarries, Inc., 483 Pa. 350, 396 A.2d 1205 (1979); Metzger. Also see 1 Pa. C. S. §1922. The party asserting the unconstitutionality of a regulation has a heavy burden. Metzger. Also see 25 Pa. Code §21.101(a). The test for determining the validity of an administrative agency regulation was set forth in Pennsylvania Human Relations Commission v. Uniontown Area School District, 455 Pa. 52, 313 A.2d 156 (1973) as follows: (1) the promulgation of the regulation must have been within the granted power of the administrative agency, (2) the regulation was issued pursuant to proper procedure, *345 and (3) the regulation is reasonable. There is no question that 25 Pa. Code §103.25(e) was duly promulgated pursuant to a grant of legislative power. Therefore, the sole question which remains is whether 25 Pa. Code §103.25(e) is reasonable.
Section 1 of Act 339, 35 P.S. §701 states that a 2% state subsidy will be allowed for the local cost expended on the acquisition and construction of sewage treatment plants. Construction is defined in Section 2 of Act 339, 35 P.S. §702 as:
Within the meaning of this act, the word `construction' shall include, in addition to the construction of new treatment works, pumping stations and intercepting sewers which are an integral part of the treatment facilities, the altering, improving or adding to of existing treatment works, pumping stations and intercepting sewers which are essential to the sewage treatment plant system, provided the acquisition and construction has been directed by the Department of Health, and said construction completed and facilities placed in operation . . .
Thus, pursuant to Section 2 of Act 339, intercepting sewers are eligible for subsidization if with respect to new construction they "are an integral part of the treatment facilities", and with respect to the altering, improving or adding of existing intercepting sewers they "are essential to the sewage treatment plant system."
Intercepting sewer is defined in 25 Pa. Code §103.21 as "[a] sewer which receives sewage from various outlets and conducts the sewage to the treatment works. Main, submain, and trunk sewers should not be included within the definition." Also, sewage treatment facilities, sewage treatment plant, sewage treatment works, treatment facilities and treatment works are defined in 25 Pa. Code §103.21 as "[a]n arrangement of *346 devices and structures for treatment and disposal of sewage. The term includes those treatment and disposal devices and structures located inside the fence surrounding the treatment works site, outfalls to the receiving stream and their appurtenances and liquid waste disposal equipment and facilities".
The Authority contends that two decisions by the EHB, Allegheny County Sanitary Authority v. Department of Environmental Resources, Docket No. 78-053-H (1982) (hereinafter Alcosan I) and Allegheny County Sanitary Authority v. Department of Environmental Resources, Docket No. 78-053-H (1984) (hereinafter Alcosan II) are controlling herein. We must disagree. In Alcosan I and Alcosan II, applications were submitted by Alcosan for Act 339 subsidization for intercepting sewers. The "first connection limitation" was never discussed in Alcosan I and Alcosan II. Also, the EHB specifically opined in Alcosan II:
However, we disagree that our present upholding of the disputed facilities Act 339 eligibility amounts to a ruling that 25 Pa. Code §103.25 is an invalid regulation. Our ruling that the disputed facilities have Act 339 eligibility is equivalent to the assertion that, under the particular facts of Alcosan's sewage system, denial of Act 339 eligibility to the disputed facilities on the basis of 25 Pa. Code §103.25 would be an abuse of DER's discretion.
Alcosan II, EHB slip opinion at page 11. Accordingly, Alcosan I and Alcosan II are not dispositive of the issues raised herein.
However, the Authority also argues that DER attempts to reword the statutory language of Section 2 of Act 339 because it has substituted the word sewage treatment plant where the statute speaks in terms of "treatment facilities" and "sewage treatment plant *347 system". We see no merit in the Authority's argument. The EHB in its conclusion of law No. 7 specifically concluded that: "The DER regulation containing the `first connection limitation,' 25 Pa. Code §103.25(e)(1), is a reasonable definition of the words `intercepting sewers which are an integral part of the treatment facilities,' as contained in Act 339, Section 2, 35 P.S. §702." See Northampton, Bucks County, Municipal Authority v. Department of Environmental Resources, Docket Nos. 83-062-M and 84-362-M, EHB opinion at page 15. The Board also observed that the rationale behind this first connection limitation[6] is that the portions of an interceptor, above the point of first connection do convey sewage, but that these interceptors, independently, are not essential to get sewage to the treatment facilities. See Northampton, Bucks County, EHB opinion at pages 9-10. Thus, the first connection is essential because without it no sewage would reach the treatment facilities.
Accordingly, we conclude that the Section 103.25(e) (1) first connection limitation is reasonable. It is provided in 1 Pa. C. S. §1921(a) that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions". Clearly, if the intent of the General Assembly were to include all interceptors as eligible for Act 339 subsidization, then the words "essential" and "integral" would not have been utilized in Section 3 of Act 339. See Commonwealth v. Lobiondo, 501 Pa. 599, 462 A.2d 662 (1983); Commonwealth v. Driscoll, 485 Pa. 99, 401 A.2d 312 (1979).
*348 Therefore, for the reasons set forth herein, we conclude that 25 Pa. Code §103.25(e)(1) is a valid regulation and its application herein was not arbitrary, capricious or unreasonable.

ORDER
AND NOW, this 10th day of March, 1988, the order of the Environmental Hearing Board in the above-captioned matter is hereby affirmed.
DISSENTING OPINION BY JUDGE BARRY:
I respectfully dissent. The regulation of the EHB, in my judgment, impermissibly rewrites the statute which requires that the total costs of petitioner's three intercepting sewers be included in the total construction costs upon which the 2% subsidy authorized by Act 339 is based.
I would reverse.
NOTES
[1] The Authority was created by Northampton Township in Bucks County.
[2] The EHB in its decision refers to the total construction costs as $915,525.66 and the 2% subsidy as $18,250.47. However, both the Authority and DER refer to the total construction costs in their briefs as $912,523.66 and this figure was in fact stipulated to in the record by both parties. Also, 2% of $912,523.66 is $18,250.47. Therefore, we will use $912,523.66 as the correct total construction costs figure.
[3] DER in its determination relied on 25 Pa. Code §§103.25(e) (1) and 103.25(e)(4).
[4] Section 3 actually authorizes the Department of Health to promulgate said regulations. However, Section 1901-A(8) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, as amended, added December 3, 1970, P.L. 834, 71 P.S. §510-1(8) (Supp. 1987) empowers DER to exercise the powers and perform the duties formally vested in the Department of Health under Act 339. Also, the Environmental Quality Board assumed the Department of Health's rule making functions under Act 339 pursuant to Section 1920-A(c) of The Administrative Code of 1929, added by 71 P.S. §510-20(c) (Supp. 1987).
[5] There is no dispute that 25 Pa. Code §103.25(e) was duly promulgated.
[6] "First connection" is defined at 25 Pa. Code §103.21 as "[t]he nearest point on the intercepting sewer to the sewage treatment works at which the intercepting sewer receives sewage or other liquid wastes from an outlet.