544 A.2d 1075

Tracey Mining Company et al., Petitioners *v.* Commonwealth of Pennsylvania et al., Respondents.

Argued February 23, 1988, before President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.

*Eugene E. Dice,* for petitioners.

*Amy L. Putnam,* Assistant Counsel, for respondent, Department of Environmental Resources.

OPINION BY JUDGE McGINLEY, July 15, 1988:

The Commonwealth of Pennsylvania, Department of Environmental Resources (DER) has filed preliminary objections to a Petition for Review seeking injunctive relief filed under our original equity jurisdiction by twelve anthracite deep mine coal operators (Petition-

ers). A request for a preliminary injunction was denied by this Court by Memorandum and Order dated December 10, 1987 and Petitioners have appealed that determination to the Pennsylvania Supreme Court. Specifically, Petitioners, all small anthracite deep mine coal operators, seek to enjoin the DER from enforcing certain regulations promulgated pursuant to the Surface Mining Conservation and Reclamation Act (SMCRA);[1] the Clean Streams Law;[2] the Coal Refuse Disposal Act;[3] the Bituminous Mine Subsidence and Land Conservation Act of 1966;[4] and The Administrative Code of 1929.[5] Petitioners allege in Count I of their Petition for Review that the DER has enacted a regulatory program which exceeds and therefore violates the statutory provisions of both the state and federal versions of the SMCRA.[6] In Count II, Petitioners similarly allege that the DER violated the state SMCRA and state Clean Streams Law[7] by enacting new regulations and there-

---

[1] Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. §§1396.1-1396.31.

[2] Act of June 2, 1937, P.L. 1937, *as amended*, 35 P.S. §§691.1-691.702.

[3] Act of September 24, 1968, P.L. 1040, *as amended*, 52 P.S. §§30.51-30.206.

[4] Act of April 27, 1966, P.L. 31, *as amended*, 52 P.S. §§1406.1-1406.21.

[5] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§51-720.13.

[6] 30 U.S.C. §§1201-1328 (1976 + Supp. V. 1981).

[7] Section 17 of Pennsylvania SMCRA and Section 6 of the Pennsylvania Clean Streams Law read as follows:

It is hereby determined that it is in the public interest for Pennsylvania to secure primary jurisdiction over the enforcement and administration of Public Law 95-87, the Federal Surface Mining Control and Reclamation Act of 1977, and that the general assembly should amend this act in order to obtain approval of the Pennsylvania program by the United States Department of the Interior. *It is the*

fore failing to preserve existing Pennsylvania law. In Count III, Petitioners allege that the DER in promulgating the challenged regulations, failed to consider the difference between bituminous and anthracite mining, therefore violating 4.2(g) of the state SMCRA.[8] Petitioners have withdrawn count IV. In Count V, Petitioners allege that the civil penalty provisions[9] do not provide for a jury trial and therefore violate the Seventh Amendment to the United States Constitution. Also, Petitioners allege that the Environmental Hearing Board (EHB) does not have the power to overturn state statutes, therefore Petitioners are denied an adequate administrative remedy. The DER preliminarily objects to this Court's jurisdiction to hear and decide the Petition for Review arguing that Petitioners have failed to exhaust their administrative remedies by challenging the aforementioned statutes and regulations before the EHB where several appeals by certain petitioners of penalty assessments are pending. The DER also preliminarily objects on the ground that Petitioners have failed to state a claim upon which relief can be granted.

In response to DER's preliminary objections Petitioners first contend that their situation is factually identical to the situation in *Arsenal Coal Company v. Commonwealth Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984) wherein our Su-

---

*intent of this act to preserve existing Pennsylvania law to the maximum extent possible.* [Emphasis added.]

[8] Section 4.2(g) of the Pennsylvania SMCRA, 52 P.S. §1396.4.2(g) provides: "In implementing and enforcing this act and in promulgating rules and regulations issued pursuant to this act, the department shall consider the differences among mining of bituminous coal, anthracite coal and noncoal minerals and issue separate regulations for each."

[9] Section 22 of the Bituminous Coal Open Pit Mining Conservation Act, 52 P.S. §1396.22 and Section 606 of the Clean Streams Law, 35 P.S. §691.605.

preme Court held that Commonwealth Court did have equity jurisdiction to resolve a pre-enforcement challenge to a regulatory scheme promulgated by the Environmental Quality Board applicable to the anthracite industry. Specifically, in *Arsenal,* the Court found that the statutorily provided administrative remedies available to the anthracite industry to test the regulations were inadequate because that avenue of review would involve piecemeal litigation which is both inefficient and costly to the anthracite industry. *Id.* at 210, 447 A.2d at 1340.

However, our Court in *Globe Disposal Company, Inc. v. Department of Environmental Resources,* 105 Pa. Commonwealth Ct. 599, 525 A.2d 437 (1987), distinguished the factual situation in *Arsenal* which involved a *pre-enforcement* challenge to the validity of a regulatory scheme promulgated by the Environmental Quality Board from a situation in which the regulations were already in force. In *Globe Disposal,* the regulations had been in force and the Court recognized that the EHB clearly had the authority to review both the regulations and the DER's enforcement of them. *Id.* at 604, 525 A.2d at 440. Petitioners are challenging a regulatory program which is presently in force. Some of the Petitioners have been assessed penalties and some have been served with cessation orders, some of which are currently pending before the EHB on appeal. Other Petitioners do not have enforcement actions pending against them. As stated in *Globe Disposal,* the EHB has the authority to rule on the alleged illegal regulations as well as the DER's actions in enforcing them. The challenged regulations have been in effect for five years having been promulgated in 1982.

Petitioners also contend that the administrative process of appealing the DER's orders is unconstitutional because it requires prepayment of penalties. In *Boyle Land and Fuel Company v. Environmental Hearing Board,* 82 Pa. Commonwealth Ct. 452, 475 A.2d 928

(1984) *affirmed* 507 Pa. 135, 488 A.2d 1109 (1985), our Court held that a bond requirement is a reasonable condition on a right to appeal a civil penalty assessment imposed for violations of the SMCRA, and the Clean Streams Law. In *Boyle,* the Court examined the federal Surface Mining Control and Reclamation Act of 1977 which requires a surety bond as a condition for appeal. In *Boyle,* our Court noted that federal courts have consistently upheld the constitutionality of the bond requirement and therefore reasoned that the surety bond requirements set forth in the Commonwealth's statutes are also constitutional. Accordingly, we reaffirm our decision in *Boyle* and find the bond requirements to be constitutional.

As a corollary argument, Petitioners advance the assertion that they may be denied the opportunity to be heard. They argue that some administrative appeals have been filed with the Board, but that others may be unable to perfect their administrative appeals because they are required to post a surety bond or establish an escrow account. A remedy exists. Under Section 1921-A of The Administrative Code of 1929, 71 P.S. §§510-21, Petitioner may appeal to the EHB and simultaneously seek a supersedeas, which, if granted would prevent the enforcement of the regulations challenged by Petitioners until after a review of their validity. *Benjamin Coal Company v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 1, 513 A.2d 1120 (1986). Accordingly, we find Petitioners assertion to be without merit.

Petitioners also contend that the United States Supreme Court in *Tull v. United States,* . U.S. , 107 S.Ct. 1831 (1987) found that the Seventh Amendment right to a jury trial applies to administrative actions wherein the Government seeks to impose civil penalties. However in *Tull, id.* at , 107 S.Ct. at 1835, the

Court noted its earlier decision in *Atlas Roofing Co. v. Occupational Safety and Health Review Commission,* 430 U.S. 442 (1977) and recognized that there are practical limitations to a jury trial. Specifically, its functional compatibility with proceedings held outside traditional courts of law may render it inapplicable to administrative proceedings. Such is the case before us. It would not be practical for a jury to confront complex factual and highly technical administrative determinations when the EHB has superior expertise in this field. Accordingly, we find that the Seventh Amendment right to a jury trial in a traditional court of law does not apply to administrative proceedings involving the environmental statutes in question.

Having determined that our Court does not have equity jurisdiction due to the failure of the Petitioners to exhaust their administrative remedies, we need not address any other issue raised by Petitioners. The EHB is the proper forum in which to review DER actions and regulations. Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, mandates that our Court shall transfer this matter to the proper tribunal. *Globe Disposal v. Department of Environmental Resources,* 525 A.2d at 441. Accordingly, to the extent this matter can be treated as a timely appeal of DER's actions against specific Petitioners, we will transfer this case to the EHB for resolution.

ORDER

AND NOW, July 15, 1988, the preliminary objection of the DER alleging a failure to exhaust statutory remedies is sustained and pursuant to Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, to the extent the Petition for Review may be construed as a timely appeal of a Department of Environmental Resources' action against specific Petitioners, it is hereby transferred to

the Environmental Hearing Board for further consideration.

The Petition for Review is dismissed as to those Petitioners who are not a party to any actions brought by the Department of Environmental Resources.

The Chief Clerk shall certify a copy of the docket entries in this matter and the pleadings in this matter to the Secretary of the Environmental Hearing Board.